UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:26-CV-20126

CARMEN LAIZA THOMPSON,

    Plaintiff,

vs.

ANJELICA RUBIN and
ROSE RUBIN,

    Defendants.
_____/

## COMPLAINT

Plaintiff, Carmen Laiza Thompson, sues Defendants, Anjelica Rubin and Rose Rubin, as follows:

### Parties, Jurisdiction, and Venue

1. **Plaintiff, Carmen Laiza Thompson**, is over 18 years old and has been a *sui juris* resident of Miami-Dade County, Florida, at all times material.

2. Plaintiff was an employee of the Defendants, as the term "employee" is defined by 29 U.S.C. §203(e).

3. Plaintiff was a non-exempt employee of the Defendants.

4. Plaintiff consents to participate in this lawsuit.

5. **Defendant, Anjelica Rubin**, is an individual who is over 18 years old and has been a *sui juris* resident of Miami-Dade County, Florida, at all times material.

6. **Defendant, Rose Rubin**, is an individual who is over 18 years old and has been a *sui juris* resident of Miami-Dade County, Florida, at all times material.

7. Defendants were Plaintiff's direct employers, joint employers, and co-employers for purposes of the FLSA, as the term "employer" is defined by 29 U.S.C. §203(d).

8. This Court has original jurisdiction over Plaintiff's federal question claims pursuant to 28 U.S.C. §1331, 29 U.S.C. §206, and 29 U.S.C. §207.

9. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transact business in this District, because Plaintiff worked and was due to be paid in Miami-Dade County, and because most, if not all, of the operational decisions were made in this District.

10. Any conditions precedent to filing this lawsuit occurred and/or were satisfied by Plaintiff.

### *FLSA Jurisdictional Allegations*

11. Plaintiff worked as an in-home babysitter and housekeeper for Defendants from approximately 2022 until June 2024.

12. Plaintiff's job duties included providing childcare to the children of Defendant Anjelica Rubin (the grandchildren of Defendant Rose Rubin), along with cleaning and maintaining Defendants' household, performing laundry, running errands, and carrying out other household and caregiving tasks assigned by Defendants.

13. To the extent that records exist regarding the exact dates of Plaintiff's employment, Defendants are believed to have such records (or the FLSA required Defendants to make and keep these records).

14. Plaintiff was a "domestic service employee" employed in a private household and is therefore covered by the FLSA's minimum wage and overtime provisions applicable to domestic service employees under 29 U.S.C. §206(f) and 29 U.S.C. §207(l)

15. Defendants were Plaintiff's direct employers, joint employers, and co-employers for purposes of the FLSA, as the term "employer" is defined by 29 U.S.C. §203(d).

16. At all relevant times, Defendants employed Plaintiff as a domestic service employee in a private household within the meaning of the FLSA.

### *FLSA Overtime Liability and Damages*

17. During approximately the first year of Plaintiff's employment, Defendants paid Plaintiff at a rate of $25.00 per hour for each hour she worked.

18. After Plaintiff's first year of employment, Defendants paid Plaintiff at a rate of $30.00 per hour for each hour she worked.

19. Plaintiff regularly and routinely worked over 40 hours in one or more workweeks for Defendants.

20. Defendants did not pay Plaintiff overtime wages calculated at one and a half times her regular hourly rate for all hours worked over 40 hours per workweek.

21. Plaintiff suffered damages because Defendants did not pay her all the overtime wages she earned during the time relevant to this lawsuit.

22. Defendants willfully and intentionally refused to pay Plaintiff wages at one and one-half times her regular pay rate for each hour of overtime (or part thereof) worked during the relevant time period.

23. Defendants either recklessly failed to investigate whether their failure to pay Plaintiff time and one-half overtime wages for the overtime hours worked during the relevant time violated the FLSA, intentionally misled Plaintiff into believing they were not required to pay overtime wages, and/or devised a scheme that deprived Plaintiff of the overtime pay earned.

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

24. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

25. Plaintiff is entitled to recover from the Defendants, jointly and severally, all overtime wages earned but not timely paid, plus an equal amount as liquidated damages, plus all attorney's fees and costs.

WHEREFORE Plaintiff, Carmen Laiza Thompson, demands the entry of a judgment in his favor and against Defendants, Anjelica Rubin and Rose Rubin, jointly and severally, after trial by jury and as follows:

a. That Plaintiff be awarded compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);
b. That Plaintiff be awarded pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;
c. That Plaintiff be awarded reasonable attorney's fees, costs, and expenses pursuant to the FLSA;
d. That Plaintiff be awarded all other interest allowed by law;
e. That the Court declare Defendants to have willfully violated the FLSA; and
f. Award Plaintiff such other and further relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff, Carmen Laiza Thompson, demands a trial by jury of all issues so triable.

Dated this 8th day of January 2026,

> s/Brian H. Pollock, Esq.
> Brian H. Pollock, Esq. (174742)
> brian@fairlawattorney.com
> FAIRLAW FIRM
> 135 San Lorenzo Avenue. Suite 770
> Coral Gables, FL 33146
> Tel:    305.230.4884
> *Counsel for Plaintiff*

4