UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:26-CV-20126-ALTONAGA/REID

CARMEN LAIZA THOMPSON,

 Plaintiff,

vs.

ANJELICA RUBIN and
ROSE RUBIN,

 Defendants.
_____/

## PLAINTIFF'S UNOPPOSED MOTION FOR EXTENSION OF TIME TO FILE STATEMENT OF CLAIM

 Plaintiff, Carmen Laiza Thompson, through undersigned counsel and pursuant to Federal Rule of Civil Procedure 4(b), Local Rule 7.1, and all other applicable Rules and laws, respectfully requests that the Court grant a two-week extension of time for Plaintiff to file her Statement of Claim. In support of this unopposed motion, Plaintiff states as follows:

### I.  Relevant Procedural History

 On January 8, 2026, Plaintiff filed her one-count Complaint against Defendants for unpaid overtime wages under the Fair Labor Standards Act ("FLSA"). [ECF No. 1]. On January 13, 2026, the Court entered its Order in this FLSA action [ECF No. 5] requiring, inter alia, that Plaintiff file her Statement of Claim no later than January 23, 2026, detailing her claimed unpaid wages.

 Defendant Anjelica Rubin was served with the Summons and Complaint on January 9, 2026. [ECF No. 6-1]. On January 16, 2026, the Court entered an Order [ECF No. 7] providing that

Defendant Anjelica Rubin need not file a response to the Complaint until Defendant Rose Rubin has been served. To date, Defendant Rose Rubin has not yet been served with process.

On January 21, 2026, Defendants' counsel initiated discussions with Plaintiff's counsel by email to address the factual allegations and evidentiary support underlying Plaintiff's claims, as well as the potential for early resolution. These discussions continued during a telephone conference on January 22, 2026, between the undersigned and Defendants' counsel, in which counsel further explored the basis of Plaintiff's claims and the prospects for resolving the matter. The parties remain engaged in these discussions as of the filing of this motion.

## II. Good Cause for Extension

Good cause exists to grant the requested extension for at least two reasons. First, the parties are actively exchanging preliminary information in connection with their early settlement discussions. This exchange is intended to assist Plaintiff in refining the basis for her damages calculation – a step necessary to complete the Court-ordered Statement of Claim [ECF No. 5]. At present, Plaintiff requires additional time to evaluate available information and finalize the necessary calculations. The brief extension will enable Plaintiff to prepare a Statement of Claim that is as accurate and complete as possible under the circumstances.

Second, the press of other professional obligations on the part of Plaintiff's counsel warrants a short extension. Undersigned counsel has multiple conflicting deadlines and responsibilities in other matters during the same period, which have limited the time available to prepare the Statement of Claim by January 23, 2026. A modest two-week extension (to February 6, 2026) will permit counsel to meet those obligations while also devoting the necessary attention to finalize a thorough and accurate Statement of Claim. Importantly, this request is made in good faith and not for

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

purposes of delay, and no party will be prejudiced by the extension – indeed, Defendants consent to the relief sought.

### III. Legal Basis and Requested Relief

Under Federal Rule of Civil Procedure 6(b)(1), "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time... if a request is made before the original time or its extension expires." Fed. R. Civ. P. 6(b)(1). Plaintiff's motion is made before the expiration of the current deadline and is supported by good cause, as demonstrated above. Plaintiff has acted diligently in pursuing this case – engaging in early settlement discussions and exchanging information – but requires the additional time for the reasons stated. This extension request is made in good faith and not for the purpose of delay.

Courts have long recognized their inherent authority to manage their dockets "with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936); *Clinton v. Jones*, 520 U.S. 681, 706-07 (1997). Granting the requested extension will promote judicial economy by affording the parties a reasonable opportunity to clarify and potentially resolve the issues in an orderly and efficient manner. Allowing two additional weeks for the exchange of preliminary information will also assist Plaintiff in more accurately calculating her damages—particularly given that, under the FLSA, it is the employer's obligation to maintain accurate records of hours worked and wages paid. *See* 29 U.S.C. § 211(c). This brief extension will reduce the likelihood that Plaintiff will need to amend her Statement of Claim later in the proceedings.

Accordingly, Plaintiff respectfully requests that this Honorable Court extend the deadline for filing her Statement of Claim up to and including February 6, 2026, and grant such other and further relief as the Court deems just and proper.

## LOCAL RULE 7.1 CERTIFICATION

I HEREBY CERTIFY that, pursuant to Local Rule 7.1(a)(3), the undersigned counsel conferred with counsel for Defendants regarding the relief requested in this motion. Defendants' counsel has indicated that Defendants do not object to the extension sought herein, and accordingly this motion is unopposed.

Respectfully submitted this 22nd day of November 2026,

s/ Patrick Brooks LaRou
Brian H. Pollock, Esq. (174742)
brian@fairlawattorney.com
Patrick Brooks LaRou, Esq. (1039018)
brooks@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue, Suite 770
Coral Gables, Florida 33146
Telephone: (305) 230-4884
*Counsel for Plaintiff*
