**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**Case No.:  1:26-cv-20126-CMA**

CARMEN LAIZA THOMPSON
      Plaintiff,

v.

ANJELICA RUBIN
      Defendant.

_____/

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT AND**

**AFFIRMATIVE DEFENSE**

Defendant Angelica Rubin, by and through her undersigned counsel, hereby responds to

Plaintiff's Complaint (ECF 1) as follows:

**GENERAL DENIAL**

Defendant denies each and every allegation contained in the Complaint, except those

expressly admitted herein.

*Parties, Jurisdiction, and Venue*

1. Admit Plaintiff is over 18 years old. Defendant lacks sufficient knowledge or information

   to admit or deny Plaintiff's residency allegations and therefore denied.

2. Admitted that Plaintiff was employed by Defendant Angelica Rubin. Denied that Plaintiff

   was employed by Defendant Rose Rubin. Additionally, Plaintiff has dismissed Rose

   Rubin (see ECF 16).

3. Admitted that Plaintiff was classified as a non-exempt employee of Defendant Angelica

   Rubin.

1

4.  Admitted.

5.  Admitted.

6.  Plaintiff dismissed Co-Defendant Rose Rubin from this action on March 17, 2026.

7.  Denied that Plaintiff was employed by Rose Rubin or that Defendant Angelica Rubin and Rose Rubin were Plaintiff's joint employers, co-employers, or an integrated enterprise. Admit that Defendant Angelica Rubin was Plaintiff's employer.

8.  Unable to admit or deny.

9.  Admitted.

10. Denied. Plaintiff failed to state what hours were worked and what wages allegedly were unpaid. Additionally, Defendant states that Plaintiff was properly paid all wages for any and all time worked. Any failure by Defendant to compensate Plaintiff (if any) was not intentional and therefore Plaintiff's claim is barred by the statute of limitations.

### *FLSA Jurisdictional Allegations*

11. Admitted that Plaintiff performed household services for Defendant Angelica Rubin from approximately March 2023 through March 2024, with intermittent services in 2022. Denied that Plaintiff had continuous employment through June 2024. If Plaintiff was not paid for one or more hours, Plaintiff never advised Defendant of same and instead filed this lawsuit.

12. Admitted that Plaintiff performed housekeeping duties including cleaning, laundry, and general household maintenance. Denied that Plaintiff primarily performed childcare duties as alleged.

13. Admitted that Plaintiff's hours were recorded through weekly time sheets maintained by a house manager in the ordinary course.

14. Admitted.

15. Denied that Defendant Angelica Rubin and Rose Rubin were joint employers or co-employers of Plaintiff.

16. Admitted Plaintiff was employed by Defendant Angelica Rubin intermittently in 2022 and from approximately March 2023 through March 2024. Otherwise, denied.

### *FLSA Overtime Liability and Damages*

17. Admitted that Plaintiff was paid $25.00 per hour from March 2023 through December 2023.

18. Admitted that Plaintiff was paid $30.00 per hour from January 2024 through March 2024.

19. Denied that Plaintiff worked more than forty (40) hours in any workweek.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Admitted Plaintiff is represented by counsel. Without knowledge as to their fee arrangement therefore, denied.

25. Denied.

### **AFFIRMATIVE DEFENSES**

1. Plaintiff's claims are barred in whole or part by 29 U.S.C. § 255(a). Plaintiff has not

alleged facts to support its allegation that Defendant willfully or intentionally failed to compensate Plaintiff. Any alleged violation by Defendant Angelica Rubin (if any) was not willful or reckless and was instead inadvertent. Plaintiff never once informed Defendant that she was paid less than what she was due. Accordingly, the two-year statute applies and therefore recovery is limited to two years and Plaintiff's claims are barred. See *McLaughlin*; *Morgan v. Family Dollar Stores*, 551 F.3d 1233 (11th Cir. 2008).

2.   Plaintiff did not preform work in excess of forty hours in a workweek at any time during her employment with Defendant Angelica Rubin. If at any point Plaintiff worked over forty hours in a workweek, Defendant had no actual or constructive knowledge of any alleged unpaid overtime and Plaintiff never advised Defendant of same.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system on April 20, 2026, and the foregoing document is being served this day on all counsel or parties of record on the Service List below, via transmission of Notice of Electronic Filing generated by CM/ECF.

_____/s/_____
Kenneth B. Schurr, Esq.
Schurr & Castaneda, P.A.
2030 S. Douglas Road
Suite 105
Coral Gables, FL 33134
Tel.: 305-441-9031
Designated Service E-mail:
kbsservice@schurrlaw.com
counselken@schurrlaw.com

4

## SERVICE LIST

*Counsel for Plaintiff*

**Brian Howard Pollock**
FairLaw Firm
135 San Lorenzo Ave
Suite 770
33146
Coral Gables, FL 33146
305-230-4884
Fax: 305-230-4844
Email: brian@fairlawattorney.com


**Patrick Brooks LaRou**
FairLaw Firm
135 San Lorenzo Avenue
Suite 770
Coral Gables, FL 33146
305-928-4893
Email: brooks@fairlawattorney.com