UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:26-CV-20126-REID

CARMEN LAIZA THOMPSON,

      Plaintiff,

vs.

ANJELICA RUBIN

      Defendant.

                                       /

## PLAINTIFF'S UNOPPOSED MOTION TO RESUME SETTLEMENT CONFERENCE AND EXTEND DEADLINE TO SUBMIT FINAL EXECUTED SETTLEMENT AGREEMENT

Plaintiff, Carmen Laiza Thompson ("Plaintiff"), through undersigned counsel and pursuant to Federal Rule of Civil Procedure 6(b), Local Rule 7.1, the Court's prior settlement conference and fairness hearing proceedings, and the Court's inherent authority to manage its docket and facilitate settlement, respectfully moves for entry of an Order resuming the Settlement Conference before the Honorable Lisette M. Reid, United States Magistrate Judge, and extending the deadline for the parties to submit their final executed Settlement Agreement for Court approval and dismissal of this action. In support, Plaintiff states as follows:

### I.  Relevant Procedural History

On May 8, 2026, the parties participated in a Settlement Conference before the Honorable Lisette M. Reid, United States Magistrate Judge. [ECF No. 28]. During the Settlement Conference, the parties reached a settlement of this action and agreed upon the material terms of resolution. [ECF No. 32].

Following the parties' agreement, Magistrate Judge Reid conducted a fairness hearing regarding the parties' settlement pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). [ECF No. 33]. At the fairness hearing, the Court reviewed and approved the material terms of the parties' settlement, including: (a) the amount to be paid to Plaintiff for her alleged unpaid wages; (b) the amount of attorney's fees and costs to be paid to Plaintiff's counsel; and (c) the settlement's non-monetary terms. Thereafter, the Court directed the parties to reduce their settlement to a final written agreement and submit the fully executed Settlement Agreement on or before June 19, 2026. [ECF No. 37].

Since the Settlement Conference, counsel for the parties have worked diligently and in good faith to finalize the written Settlement Agreement. Although the parties reached agreement on the material terms of settlement and the Court approved those terms at the fairness hearing, a dispute has arisen regarding the language and implementation of one of the settlement's non-monetary provisions. As a result of that dispute, the parties have been unable to finalize and execute the written Settlement Agreement by the Court's deadline. The parties have continued to confer in good faith in an effort to resolve the issue without further Court involvement; however, despite those efforts, the dispute remains unresolved.

Because Magistrate Judge Reid presided over the Settlement Conference at which the parties reached their agreement and approved the settlement terms during the fairness hearing, Plaintiff believes that a brief resumed settlement conference would assist the parties in resolving the remaining dispute and completing the written settlement documents consistent with the settlement reached before the Court.

## II.  Good Cause for Extension

Good cause exists for the requested relief. The parties have already settled this action and obtained judicial approval of the material settlement terms during the May 8, 2026, Settlement Conference and Fairness Hearing. The remaining obstacle to submission of the final executed Settlement Agreement is a dispute concerning one non-monetary provision of the written agreement.

Given the Court's familiarity with the settlement negotiations, the terms agreed upon by the parties, and the Court's prior fairness determination, a brief resumed settlement conference would likely facilitate resolution of the remaining issue and permit the parties to promptly execute and submit their Settlement Agreement.

Additionally, Plaintiff requests a brief extension of the June 19, 2026, deadline for submission of the fully executed Settlement Agreement. The requested extension is sought in good faith, is necessitated by the parties' ongoing efforts to resolve the remaining dispute, and will not prejudice any party. To the contrary, the requested relief will promote judicial economy and facilitate completion of a settlement that has already been reached and approved by the Court.

## III.  Legal Basis and Requested Relief

Under Federal Rule of Civil Procedure 6(b)(1), "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time... if a request is made before the original time or its extension expires." Fed. R. Civ. P. 6(b)(1). Plaintiff's motion is made before the expiration of the current deadline and is supported by good cause, as demonstrated above. Plaintiff has acted diligently in pursuing this case – engaging in early settlement discussions and exchanging

information – but requires the additional time for the reasons stated. This extension request is made in good faith and not for the purpose of delay.

Courts have long recognized their inherent authority to manage their dockets "with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936); *Clinton v. Jones*, 520 U.S. 681, 706-07 (1997). Resuming the settlement conference and allowing the parties additional time to submit the fully executed Settlement Agreement will conserve judicial resources, facilitate resolution of the remaining issues necessary to finalize the settlement, and assist the parties in bringing this matter to a complete and final resolution.

Accordingly, Plaintiff respectfully requests that this Honorable Court: (1) resume and schedule a Settlement Conference before Magistrate Judge Lisette M. Reid at the Court's earliest convenience; (2) extend the deadline for the parties to submit their fully executed Settlement Agreement until after the resumed Settlement Conference; and (3) grant such other and further relief as the Court deems just and proper.

**[*Remainder of Page Intentionally Blank*]**

## <u>LOCAL RULE 7.1 CERTIFICATION</u>

I HEREBY CERTIFY that, pursuant to Local Rule 7.1(a)(3), the undersigned counsel conferred with counsel for Defendant regarding the relief requested in this motion, and that Defendant does not oppose the relief sought herein.

Respectfully submitted this 18th day of June 2026,

<u>s/ Katelyn Schickman, Esq.</u>
Brian H. Pollock, Esq. (174742)
brian@fairlawattorney.com
Patrick Brooks LaRou, Esq. (1039018)
brooks@fairlawattorney.com
Katelyn Schickman, Esq. (1064879)
katie@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue, Suite 770
Coral Gables, Florida 33146
Telephone: (305) 230-4884
*Counsel for Plaintiff*
