## SETTLEMENT AGREEMENT
## AND LIMITED RELEASE

This Settlement Agreement and Limited Release ("Agreement") is entered into by and between Carmen Laiza Thompson (hereinafter "Plaintiff") and Anjelica Rubin, (hereinafter "Defendant"), who are collectively referred to as "the Parties".

**Whereas**, Plaintiff filed a lawsuit in the District Court for the Southern District of Florida claiming to be owed outstanding and unpaid/underpaid overtime wages, penalties, attorneys' fees and costs from the Defendant pursuant to the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, in *Carmen Laiza Thompson v. Anjelica Rubin*, presently pending in the Southern District of Florida with Case No.: 1:26-CV-20126- REID ("the Lawsuit"). Defendant Rubin denied the allegations asserted by Plaintiff Carmen Thompson and contends that Plaintiff Carmen Thompson never worked any overtime and was paid in full for every hour she worked.

**Whereas**, in order to avoid the uncertainties of litigation, the Parties desire to enter into a mutually binding agreement to resolve the Lawsuit and any and all other claims for alleged unpaid wages (including any liquidated damages or interest thereon), and any attorney's fees recoverable as related thereto that Plaintiff could have brought in the Lawsuit, on the terms and conditions set forth in more detail in the ensuing paragraphs.

**NOW THEREFORE**, in consideration of the mutual promises and covenants contained herein, the Parties agree to the following Terms and Conditions:

### **Terms and Conditions**

1.      **No Admissions.** This Agreement does not constitute an admission of a violation of any law, order, regulation, or enactment, nor any wrongdoing by the Defendant, or by the Plaintiff.

2.      **Consideration.** The Parties agree to resolve Plaintiff's claim for alleged unpaid/underpaid overtime wages, penalties, attorneys' fees and costs by the Defendant's payment of Thirteen Thousand Nine Hundred and Seventy Three Dollars ($13,973.00), (hereinafter "Settlement Fund"), which is comprised of $1,687.50 payable to Plaintiff (for alleged unpaid/underpaid overtime wages and $1,687.50 as alleged liquidated damages and non-wage damages) and Ten Thousand Five Hundred and Ninety Eight Dollars payable to Plaintiff's counsel (for attorney's fees and costs). Defendant shall pay the Settlement Fund by timely delivering one check for $13,973.00 payable to the "FairLaw Firm Trust Account", to be disbursed according to the foregoing allocation, and so that it is received at FairLaw Firm c/o Brian H. Pollock, Esq., 135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33146, within ten (10) days of the Court's entry of an Order approving their settlement and the dismissal of the Lawsuit. Plaintiff agrees to the division of the Settlement Fund as set forth above.

3.      **Tax Treatment.** Defendant will report payment of the Settlement Fund to the IRS as required by law. Plaintiff has not relied on any statements or representations by Plaintiff's counsel, Defendant, or Defendant's counsel with respect to the tax treatment of the Settlement Fund. Plaintiff is responsible for paying her share of all federal, state, and local taxes that Plaintiff may

owe by virtue of the receipt of any portion of the monetary payment provided under this Agreement.

**4.      Limited Release By Plaintiff.** In exchange for Plaintiff's timely receipt of the Settlement Fund and the mutual promises exchanged herein, Plaintiff releases, waives, satisfies, and forever discharges Defendant from any and all claims, demands, or liabilities for alleged unpaid wages (including any liquidated damages or interest thereon), and any attorney's fees recoverable as related thereto, whether arising under Florida law or the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, whether known or unknown, which Plaintiff ever had or may now have against Defendant from the beginning of time to the date this Agreement is executed. Plaintiff further agrees that through this Agreement, she gives up any right she otherwise may have or hereafter have to any money or other personal benefits from Defendant for any claim for unpaid wages, whether or not brought by Plaintiff, to the extent permitted by law.

**5.      Permitted Disclosures.** Notwithstanding the foregoing, Plaintiff and Defendant may disclose this Agreement and its terms under the following conditions: (i) to Plaintiff's attorney(s), accountant(s), tax preparers, and the Internal Revenue Service (IRS), including the amounts received through this Agreement; (ii) upon inquiry from federal regulatory authorities, law enforcement, the Department of Labor, the Department of Justice, the National Labor Relations Board; and (iv) if subpoenaed by a party to a lawsuit, ordered by the Court, or otherwise legally compelled.

**6.      Non-Disparagement.** The Parties agree not to do or say anything, verbally or in writing, directly or indirectly, that disparages either party. This non-disparagement provision explicitly prohibits posting comments, remarks, videos, or reviews about any Party on social media platforms, including but not limited to Glassdoor, Indeed, Facebook, Yelp, Instagram, X, TikTok, or other social media, career, or messaging platforms. If any Party published or made disparaging statements about any other Party before signing this Agreement (a) on the internet or (b) on any social media platform, the Party shall delete, take down, and/or remove each within five (5) business days from this Agreement being signed by both parties.

**7.      Employment Reference.** Upon inquiry, Defendant shall provide a neutral employment reference and verify Plaintiff's dates of work, position(s) held, and rate(s) of pay without referencing the Lawsuit, any claim(s) asserted therein, or the resolution thereof. Further, Defendant shall provide the Plaintiff with a letter bearing Defendant's name, stating as follows: "This will confirm that Carmen Laiza Thompson worked for me as a housekeeper / nanny from May 2022 through May 5, 2024." Defendant shall deliver the letter to Plaintiff's counsel on or before the deadline for payment of the Settlement Fund. However, if Defendant is asked by a prospective employer about the subject lawsuit filed by Plaintiff, Defendant shall state that "the matter was resolved" or words of similar effect without addressing the substance of the allegations, responses thereto, or resolution thereof. But in no event is the Defendant Rubin required to make any false statements about the existence of this action, if asked.

**8.      Construction and Modification.** The Parties acknowledge that each had the opportunity to have this document reviewed by counsel selected by each Party, who had the opportunity to negotiate and revise the Agreement. The normal rules of contract construction regarding ambiguities being resolved against the drafting party shall not apply when interpreting

this Agreement, as the Parties are jointly responsible for and participated in drafting it. This Agreement constitutes the entire, complete, and integrated statement of each and every term and provision agreed to by and between Plaintiff and Defendant related to the release of claims involving the Parties. All prior negotiations, representations, and discussions are merged into and superseded by this Agreement. No Party has relied on any representations or statements made by the other Party hereto that are not specifically set forth in this Agreement. This Agreement may not be changed except in a writing that is signed by all Parties and then approved by the Court.

9.      **Enforcement.** The parties agree that the substantive law of the State of Florida governs this Agreement, and that jurisdiction over this matter shall be in the United States District Court for the Southern District of Florida, which is presiding over the Lawsuit. If the Court invalidates any provision of this Agreement, all remaining provisions shall remain in full force and effect, provided that both parties may still effectively rely on them. The prevailing party in any claim arising from or relating to this Agreement shall be entitled to recover all attorneys' fees and costs incurred.

10.     **Execution.** This Agreement may be executed in printed or electronic form, which shall be equally binding. This Agreement may be executed in any number of counterparts and by the different Parties hereto in separate counterparts, with the same effect as if all Parties had signed the same document. All such counterparts shall be deemed an original, construed together, and constitute one and the same instrument. A copy or electronic version of this Agreement shall be considered the same as an original for all purposes.

11.     **Authorization and Representations**. The Parties warrant and represent that each is authorized to execute this Agreement. The Parties warrant and represent that there are no liens or claims of lien or assignments in law or equity or otherwise of or against any of the claims or causes of action released by this Agreement, and that no claim released was previously transferred or assigned. The Parties warrant that they are not aware of any attorneys' liens placed on this matter. The Parties represent that they have each read and understood this Agreement, or that it has been translated for them, and that they fully understood its contents, terms, and conditions before signing.

        **IN WITNESS WHEREOF**, the undersigned Parties have executed this Agreement as of the dates set forth below, willingly and freely, intending to be bound by it.

*Carmen Laiza Thompson*                              *Anjelica Rubin*

By: _____                          By:_____*Anjelica Rubin*_____
       *Carmen Laiza Thompson*                                  *Anjelica Rubin*

Date:__07/29-26_____                           Date:___July 30, 2026_____